**United States Bankruptcy Court**
**District of Minnesota, St. Paul Division**

**IN RE:**                                                                                     Case No. _____
**Wolf, Jeffrey Thomas & Wolf, Diane Elizabeth**                         Chapter **13**
                                    Debtor(s)

# CHAPTER 13 PLAN
Dated: **October 26, 2017** .

**1. DEBTOR'S PAYMENTS TO TRUSTEE** –
a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
b. After the date of this plan, the debtor will pay the trustee $ **405.00** per **month** for **60** months, beginning within 30 days after the relief for a total of $ **24,300.00**. The minimum plan length is **[ ]** 36 or **[X]** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee: **n/a**
d. The debtor will pay the trustee a total of $ **24,300.00** [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** – The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,430.00** , [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| *Creditor* | *Monthly Payment* | *Number of Months* | *TOTAL PAYMENTS* |
|---|---|---|---|
| **None** | | | |
| TOTAL | | | **0.00** |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| *Creditor* | *Description of Property* |
|---|---|
| **None** | |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| *Creditor* | *Description of Claim* |
|---|---|
| **Chase Auto Finance** | **2012 Chevrolet Cruze** |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** – The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates*. The trustee will pay the actual amounts of default.

| *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|
| **Ditech Financial, LLC** | **12,100.00** | **212.28** | **4** | **57** | **12,100.00** |
| TOTAL | | | | | **12,100.00** |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** – The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate* .

| *Creditor* | *Amount of Default* | *Int. rate (if any)* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|---|
| **None** | | | | | | |
| TOTAL | | | | | | **0.00** |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** – The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | Monthly Payment | Number of Payments | Payments on Account of Claim | Adequate Protection from ¶ 3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| None | | | | | | | | | |
| TOTAL | | | | | | | | | **0.00** |

**9. PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimate Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **Internal Revenue Service** | **8,400.00** | **147.37** | **4** | **57** | **8,400.00** |
| **Starkey Law Office, LLC** | **1,310.00** | **327.50** | **1** | **4** | **1,310.00** |
| TOTAL | | | | | **9,710.00** |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Int. Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| **None** | | | | | | |
| TOTAL | | | | | | **0.00** |

**11. TIMELY FILED UNSECURED CREDITORS** – The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **60.00** [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in  ¶ 8 are $ **0.00**.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in  ¶ 8 and ¶ 10) are $ **30,045.00**.
c. Total estimated unsecured claims are $ **17,724.00** [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** – All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** – The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
**a. Late claims: Notwithstanding Paragraph 12 above, proof of claims received after the deadline, with the exception of the taxing authorities, may not be paid by the trustee and shall be discharged upon completion of the plan.**

**b. Mortgage Statements/Loan Modifications: Upon confirmation of this plan, the creditors listed in paragraph 6, Ditech Financial shall recommence issuing monthly billing statements to the debtor at the debtor's address listed in the bankruptcy petition as to post petition 1st mortgage obligations that come due after confirmation of the plan.**

**c. Tax Refunds: The debtors shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case. Individual debtors shall be entitled to retain the first $1,200 of refunds and joint debtors shall be entitled to retain the first $2,000 of refunds plus any earned income credit (EIC) plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.**

**d. Employment Bonuses: The debtors shall provide the trustee with copies of any pay stubs that reflect a bonus. Debtors shall turnover net bonuses to the trustee within 10 days of receipt.**

**e. In the event of the surrender, foreclosure, repossession or return of any collateral to any secured creditor listed in**

paragraphs 4, 5, 6, 7 or 8, for any reason, the creditor may amend its Proof of Claim to a general unsecured claim and the Trustee shall pay the claim as a general unsecured claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor receiving a discharge in this case.

**14. SUMMARY OF PAYMENTS** –

| | |
|---|---:|
| Trustee's Fee [Line2) | $ **2,430.00** |
| Home Mortgage Defaults [Line 6(d)] | $ **12,100.00** |
| Claims in Default [Line 8(d)] | $ **0.00** |
| Other Secured Claims [Line 8(d)] | $ **0.00** |
| Priority Claims [Line 9(f)] | $ **9,710.00** |
| Separate Classes [Line 10(c)] | $ **0.00** |
| Unsecured Creditors [Line 11] | $ **60.00** |
| TOTAL [must equal Line 1(d)] | $ **24,300.00** |

**Jennifer VanDerBosch Starkey 0297495
Starkey Law Office, LLC
1310 E Highway 96, Suite 204A
White Bear Lake, MN  55110**

Signed: _/s/ Jeffrey Thomas Wolf_
　　　　　　　　　　DEBTOR

Signed: _/s/ Diane Elizabeth Wolf_
　　　　　　　　　DEBTOR (if joint case)